UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PEGASO DEVELOPMENT INC., :

Plaintiff, :

v. :

MORIAH EDUCATION MANAGEMENT : LP AND MORIAH SOFTWARE MANAGEMENT LP, :

Defendants. :
---------------------------------------------------------X

**ORDER**

19-CV-7787 (AT) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

A judgment was entered in favor of the plaintiff and against Moriah Education Management LP and Moriah Education Management, LLC "(collectively, 'Debtors')," "as to Count I of the complaint," finding the debtors liable to the plaintiff, "jointly and severally, in the amount of $2,758,567.13 plus any interest that has accrued and will accrue each day following March 17, 2020." Docket Entry No. 46. Before the Court is a motion by non-parties Greg Zilberstein ("Zilberstein") and Black Dolphin Capital Management, LLC ("Black Dolphin") to vacate restraining notices on them served by the plaintiff, "pursuant to Federal Rule of Civil Procedure 69 and New York Civil Practice Law and Rules ['CPLR'] § 5240."

**MOVANTS' CONTENTIONS**

The movants assert:

> Plaintiff issued the Restraining Notices and information subpoenas to Black Dolphin and Zilberstein, seeking all information regarding their financial assets and holdings, even though neither Black Dolphin nor Zilberstein were parties to the action, they have no liability to Pegaso, and they have no assets in which MEM has an interest. Harrison Decl., Exs. C (Restraining Notice and Subpoena to Black Dolphin), D (Restraining Notice and Subpoena to Zilberstein).

The movants argue that the restraining notices should be vacated because "they seek to restrain debts and assets in which the judgment debtor," Moriah Education Management, LLC, referred by the movants as "MEM," "has no interest." In a footnote to their memorandum of law, the movants assert:

> The Complaint in the underlying action named as defendant the wrong party, Moriah Education Management LP, which does not exist. Prior counsel for Defendant in the action appeared and answered on behalf of Moriah Education Management LLC. A stipulated judgment was entered jointly and severally against both MEM LP and MEM LLC.

The movants assert:

> The Restraining Notices on their face restrain Zilberstein and Black Dolphin from selling, assigning, transferring, or interfering with "any property in which you have an interest." Harrison Decl., Exs. C at 1, D at 1. Thus, the Restraining Notices apply broadly to any property or debt in which Zilberstein and Black Dolphin have an interest, and are not limited, as they must be, to imposing restraints on debts and assets in which MEM has an interest. They therefore plainly violate CPLR § 5222(b) and should be vacated on that ground alone. Similarly, the Restraining Notices are invalid because they do not allege with any specificity the purported debt owed by MEM to the non-debtors or the interest MEM has in the assets sought to be restrained. Nor has Plaintiff provided any evidence whatsoever for its conclusory assertions in the Restraining Notices that Zilberstein and Black Dolphin "appear[]" to owe a debt to MEM or possess property in which MEM has an interest." Indeed, the Restraining Notices are contradicted by Plaintiff's counsel's July 15, 2020 letter, in which Plaintiff acknowledged that it knows of no assets belonging to Zilberstein or Black Dolphin in which MEM has an interest. See 7/31/20 Harrison Decl., Ex. B (noting that Plaintiff must rely on any statements by MEM, Zilberstein, and Black Dolphin as to whether "the assets of Black Dolphin or Zilberstein are related in any way to the assets of the judgment debtor[.]"). Further, Zilberstein has submitted an unrebutted sworn statement that neither he nor Black Dolphin owe a debt to MEM, and MEM does not have an interest in any asset belonging to Zilberstein or Black Dolphin. Zilberstein Aff. ¶ 2. It is thus clear that Plaintiff disingenuously seeks to use the Restraining Notices as a tool to further their fishing expedition into, and harassment of, Zilberstein and Black Dolphin.

According to the movants, the plaintiff's unsupported assertion that they are "alter egos of MEM" is not a sufficient basis for restraining notices because the assets of nonparties may not be

restrained under CPLR § 5222 until the alleged alter ego status has been adjudicated and liability for the previous judgment determined.

In support of their motion, the movants submitted declarations by Zilberstein and their counsel, David B. Harrison ("Harrison"). Zilberstein states in his declaration:

> 1. I am a non-party to this case and the sole member and manager of defendant Moriah Education Management LLC ("MEM"), and of non-party Black Dolphin Capital Management, LLC ("Black Dolphin"). I submit this declaration in support of Black Dolphin's and my motion to vacate the restraining notices served on us by plaintiff Pegaso Development, Inc. I have personal knowledge of the facts and circumstances set forth herein.
> 2. Neither Black Dolphin nor I owe any debt to MEM, and MEM does not have any interest in any assets belonging to either Black Dolphin or me.

Harrison states in his declaration:

> I am a partner with Spiro Harrison, counsel for defendant Moriah Education Management LP and Moriah Education Management LLC ("MEM" or "Defendant"), and nonparties Greg Zilberstein and Black Dolphin Capital Management, LLC ("Black Dolphin"). I submit this declaration in support of Zilberstein's and Black Dolphin's motion to vacate the restraining notices served by Pegaso Development, Inc. ("Pegaso" or "Plaintiff") on them. . . . Attached hereto as Exhibit A is a true and correct copy of a letter from me to Gabriel Aizenberg, dated June 23, 2020. . . . Attached hereto as Exhibit B is a true and correct copy of a letter from Gabriel Aizenberg to me, dated July 15, 2020.

**PLAINTIFF'S CONTENTIONS**

The plaintiff asserts that the restraining notices seek to restrain Zilberstein and Black Dolphin from transferring assets or disposing off debts owed to both judgment debtors, Moriah Education Management, LLC and Moriah Education Management, LP. According to the plaintiff, the motion seeks to vacate the restraining notices only with respect to Moriah Education Management, LLC. The plaintiff argues that the motion

> should be denied as moot because: (i) Zilberstein and Black Dolphin have submitted an affidavit to the Court that neither Zilberstein nor Black Dolphin owes any debt to judgment debtor MEM LLC and MEM LLC does not have any interest in any of Zilberstein's or Black Dolphin's assets; and (ii) based upon this sworn

representation, Pegaso is promptly withdrawing the restraining notices issued to Zilberstein and Black Dolphin as to MEM LLC.

## LEGAL STANDARD

> (1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
> (2) *Obtaining Discovery*. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.
>
> Fed. R. Civ. P. 69(a).

> A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served.
>
> CPLR § 5222.

"The court may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." CPLR § 5240.

## APPLICATION OF LEGAL STANDARD

The movants seek to vacate the restraining notices they contend were served on them by the plaintiff. The movants support their motion by Zilberstein's declaration and Harrison's declaration with Exhibits A and B. The movant failed to support their motion with evidence of the restraining notices they seek to vacate. In their memorandum of law, the movants rely

improperly on their counsel's declaration submitted in support of the judgment debtors' opposition to the plaintiff's motion for a turnover order, to which "the restraining notice and information subpoena to Black Dolphin are attached hereto as Exhibit C, and true and correct copies of the restraining notice and information subpoena to Zilberstein are attached hereto as Exhibit D." Docket Entry No. 54. Although the movants do not assert that their motion is supported by evidence other than Zilberstein's declaration and Harrison's declaration with Exhibits A and C, neither of which mentions Exhibits C and D of Harrison's declaration in support of the judgment debtors' opposition to the plaintiff's motion for a turnover order, and they reference improperly exhibits not submitted in support of the instant motion, the Court will consider Exhibits C and D to Harrison's declaration in support of the judgment debtors' opposition to the plaintiff's motion for a turnover order, Docket Entry No. 54, in determining the instant motion.

"Information Subpoena in Aid of Execution" served on Zilberstein and Black Dolphin each references both judgment debtors, Moriah Education Management, LP and Moriah Education Management, LLC, and seeks information concerning the judgment debtors, defined as follows: "'Judgment Debtor' or 'Judgment Debtors' refers to each of Moriah Education Management, LP and non-party Moriah Education Management, LLC." The movants did not make a motion to vacate the restraining notices on Zilberstein and Black Dolphin concerning information requested with respect to judgment debtor Moriah Education Management LP. Thus, parts of the restraining notices on Zilberstein and Black Dolphin concerning judgment debtor Moriah Education Management LP are not before the Court.

The plaintiff is correct that the movants' motion, including arguments and evidence in its support, concern only judgment debtor Moriah Education Management, LLC, on whose behalf

Zilberstein stated under penalty of perjury: "Neither Black Dolphin nor I owe any debt to MEM, and MEM does not have any interest in any assets belonging to either Black Dolphin or me." The Court finds that the plaintiff's withdrawal of the restraining notices as they concern judgment debtor Moriah Education Management, LLC, Docket Entry No. 68, moots the movants' motion concerning judgment debtor Moriah Education Management, LLC.

**CONCLUSION**

For the foregoing reasons, the movants' motion, Docket Entry No. 60, is denied as moot.

Dated: New York, New York
September 3, 2020

SO ORDERED:

Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE