UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PEGASO DEVELOPMENT INC.,              :

                Plaintiff,     :

                 v.                    :

MORIAH EDUCATION MANAGEMENT  :
LP AND MORIAH SOFTWARE
MANAGEMENT LP,                                 :

                Defendants.   :
------------------------------------------------------X

**ORDER TO SHOW CAUSE**

19-CV-7787 (AT) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On April 13, 2020, a judgment was entered in favor of the plaintiff and against Moriah Education Management LP and Moriah Education Management, LLC "(collectively, 'Debtors')," "as to Count I of the complaint," finding the debtors liable to the plaintiff, "jointly and severally, in the amount of $2,758,567.13 plus any interest that has accrued and will accrue each day following March 17, 2020." Docket Entry No. 46. Before the Court are: (1) a motion by non-parties Greg Zilberstein and Black Dolphin Capital Management, LLC to vacate restraining notices on them served by the plaintiff, pursuant to Rule 69 of the Federal Rules of Civil Procedure, Docket Entry No. 60; and (2) a motion by "defendant Moriah Education Management LLC" to quash the subpoena on JPMorgan Chase Bank, N.A. served by the plaintiff, pursuant to Rule 69 of the Federal Rules of Civil Procedure, Docket Entry No. 64. In the memoranda of law in support of the two motions signed by the movants' counsel David B. Harrison ("Harrison"), Harrison asserts:

> The Complaint in the underlying action named as defendant the wrong party, Moriah Education Management LP, which does not exist. Prior counsel for Defendant in the action appeared and answered on behalf of Moriah Education

1

>Management LLC.  A stipulated judgment was entered jointly and severally against both MEM LP and MEM LLC.
>
>Docket Entry No. 61 (filed on 8/3/2020) & Docket Entry No. 65 (filed on 8/5/2020).

However, in his August 3, 2020 declaration under penalty of perjury, Harrison states: "I am a partner with Spiro Harrison, counsel for defendant Moriah Education Management LP and Moriah Education Management LLC ('MEM' or 'Defendant')." Docket Entry No. 63.  On June 16, 2020, Harrison filed a post-judgment notice of appearance stating:

>PLEASE TAKE NOTICE that David B. Harrison of Spiro Harrison hereby enters his appearance as counsel for defendants Moriah Education Management LP and Moriah Software Management LP, and requests that service of all pleadings, notices, and other filings in this case be sent to the undersigned.
>
>Docket Entry No. 50.

On June 19, 2020, the "Stipulation and Order for Substitution of Counsel" was entered stating:

>IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, pursuant to Local Rule 1.4, that Spiro Harrison shall be substituted is being substituted in place of Nelson Mullins Riley & Scarborough, LLP as counsel of record for defendants Moriah Education Management LP and Moriah Software Management LP ("Defendants") in this matter.
>
>Docket Entry No. 52.

On June 22, 2020, Harrison signed and filed: (i) "DEFENDANT MORIAH EDUCATION MANAGEMENT LP'S MEMORANDUM  OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR TURNOVER ORDER," Docket Entry No. 53; and (ii) his declaration under penalty of perjury, stating: "I am a partner with Spiro Harrison, counsel for defendant Moriah Education Management LP and Moriah Education Management LLC ('MEM' or 'Defendant')," Docket Entry No.54.

It appears from the record that Harrison represents an entity he asserts does not exist, Moriah Education Management LP.  On or before September 9, 2020, Harrison shall show cause

2

by affidavit supported by admissible evidence why the above representations he made to the Court do not violate Ruel 11(b) of the Federal Rules of Civil Procedure. Harrison must include in his submission to the Court admissible evidence demonstrating: (a) the existence or lack thereof of any entity he claims to represent in this action; (ii) the date(s) on which the existence of any entity he represents in this case ceased, if at all; (iii) the date(s) on which any entity he represents in this action changed its form during this action; and (iii) the history of the legal relationship, if any, between Moriah Education Management LP and Moriah Education Management LLC relevant to this action.

Dated: New York, New York
      September 3, 2020                                                 SO ORDERED:

                                                                _____
                                                                 KEVIN NATHANIEL FOX
                                                                 UNITED STATES MAGISTRATE JUDGE