UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PEGASO DEVELOPMENT INC.,                :

                          Plaintiff,     :      **MEMORANDUM AND ORDER**

                            v.              :      19-CV-7787 (AT) (KNF)

MORIAH EDUCATION MANAGEMENT :
LP AND MORIAH SOFTWARE
MANAGEMENT LP,                                        :

                         Defendants.   :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Plaintiff Pegaso Development Inc. ("Pegaso") commenced this action against defendants Moriah Education Management LP and Moriah Software Management LP asserting: (1) Count I, Moriah Education Management LP's breach of the 2016 promissory note; and (2) Count II, Moriah Software Management LP's breach of the 2017 promissory note. Moriah Education Management LLC, "incorrectly identified as Moriah Education Management LP," and Moriah Software Management LP answered the complaint. Count II was dismissed with prejudice. Docket Entry No. 45. A judgment was entered in favor of the plaintiff and against Moriah Education Management LP and Moriah Education Management, LLC "(collectively, 'Debtors')," "as to Count I of the complaint," finding the debtors liable to the plaintiff, "jointly and severally, in the amount of $2,758,567.13 plus any interest that has accrued and will accrue each day following March 17, 2020." Docket Entry No. 46.

      The plaintiff made a motion for a turnover order, "pursuant to Fed. R. Civ. P. 69 and its application of New York Civil Practice Law and Rules ('CPLR') §§ 5201, 5222, 5225(a) and (c)," seeking from the debtors the AnswerNet promissory note or the proceeds from the

1

AnswerNet note, Docket Entry No. 48. The debtors opposed the turnover motion, asserting the motion is moot because the debtors are ready to turn over the balance of the proceeds from the AnswerNet note in the amount of $250,000, as the remainder of $150,000 was used by the debtors "to pay for counsel's advance retainer fees." In reply, the plaintiff did not contest turnover of $250,000, but contested $150,000 that the debtors transferred to their attorney, asserting that the debtors' actions raise serious concerns about: (1) "the circumstances underlying the liquidation of the AnswerNet Note"; and (2) "the transfer of the AnswerNet funds to Spiro Harrison." In light of the change in circumstances after the plaintiff filed its turnover motion, the plaintiff requested that the Court: (a) "enter and continue the remainder of Pegaso's Motion with respect to the $150,000 in purported advance payment retainers for a period of 60 days in order for Pegaso to conduct necessary discovery regarding the liquidation of the AnswerNet Note and the transfer of funds to Spiro Harrison"; and (b) "order that $150,000 at issue be held in escrow pending final resolution of the instant turnover motion."

Thereafter, non-parties Greg Zilberstein ("Zilberstein") and Black Dolphin Capital Management, LLC ("Black Dolphin") made a motion to vacate restraining notices served on them by the plaintiff, Docket Entry No. 60, asserting that the restraining notices seek to restrain debts and assets in which the judgment debtor Moriah Education Management, LLC has no interest. In response to the motion, the plaintiff withdrew the restraining notices to Zilberstein and Black Dolphin as they concern Moriah Education Management LLC, Docket Entry No. 68. The Court found that the plaintiff's withdrawal of the restraining notices as they concern debtor Moriah Education Management LLC mooted the motion, Docket Entry No. 71.

On September 3, 2020, the Court issued an order, Docket Entry No. 73, directing Spiro Harrison to show cause by affidavit supported by admissible evidence why the representations he made to the Court referenced in that order do not violate Rule 11(b) of the Federal Rules of Civil Procedure, and to submit

> admissible evidence demonstrating: (a) the existence or lack thereof of any entity he claims to represent in this action; (ii) the date(s) on which the existence of any entity he represents in this case ceased, if at all; (iii) the date(s) on which any entity he represents in this action changed its form during this action; and (iii) the history of the legal relationship, if any, between Moriah Education Management LP and Moriah Education Management LLC relevant to this action.

Thereafter, the plaintiff made a "motion to compel non-party Spiro Harrison's compliance with subpoena," Docket Entry No. 79, seeking "documents that Spiro Harrison put at issue when Mr. [David B.] Harrison submitted a declaration in opposition to Pegaso's June 8, 2020 motion for turnover, including: (i) Spiro Harrison's engagement letter(s) with the Judgment Debtors and other related parties; and (ii) records of funds transfers to Spiro Harrison that a third party owed to one of the Judgment Debtors."

On September 17, 2020, the Court ordered that: (1) the $400,000, received in connection with AnswerNet's December 15, 2017 Senior Secured Convertible Promissory Note, shall be held in an escrow account until the resolution of the turnover motion; (2) the parties shall have 60 days from the date of the order to conduct discovery limited to "the liquidation of the AnswerNet Note and the transfer of funds to Spiro Harrison"; (3) the parties shall file a joint status letter no later than seven days after the expiration of the limited discovery permitted by the order; and (4) the resolution of the plaintiff's motion for a turnover order, Docket Entry No. 48, is held in abeyance until further notice, Docket Entry No. 83.

Spiro Harrison requested an enlargement of time until October 7, 2020, to respond to the plaintiff's motion to compel Spiro Harrison's compliance with the subpoena, Docket Entry No. 88, which was granted, Docket Entry No. 89. On October 7, 2020, a "notice of cross-motion" was filed "by Moriah Management LLC for authorization to pay the proceeds of the AnswerNet Note to plaintiff," accompanied by "Memorandum of Law in Support of Spiro Harrison's Opposition to Plaintiff's Motion to Compel Compliance with a Subpoena and Moriah Education Management LLC's ['MEM LLC'] Cross-Motion for Authorization to Pay the Proceeds of the AnswerNet Note to Plaintiff," and the "Declaration of David B. Harrison and exhibit thereto," Docket Entry No. 92. Moriah Education Management LLC argued that turning over to the plaintiff $400,683 "moots not only the subpoena to Spiro Harrison and [the plaintiff's motion to compel compliance with the subpoena], but also Pegaso's turnover motion and certain additional discovery Pegaso has issued since the [September 17, 2020 order] was issued."

In support of the cross-motion and Spiro Harrison's opposition to the plaintiff's motion to compel compliance with the subpoena, David B. Harrison submitted a declaration with Exhibit A, "an email from Gabriel Aizenberg to David Harrison and others, dated September 24, 2020," Exhibit B, "Plaintiff's First Set of Post-Judgment Document Requests to Moriah Education Management LLC, dated September 24, 2020," Exhibit C, "Plaintiff's First Set of Post-Judgment Document Requests to Moriah Education Management LP, dated September 24, 2020," Exhibit D, "Plaintiff's subpoena to Black Dolphin Capital Management, LLC, dated September 24, 2020," and Exhibit E, "Plaintiff's subpoena to Tsvi (Greg) Zilberstein, dated September 24, 2020." Exhibit B, styled "Plaintiff's First Set of Post-judgment Document Requests to Moriah Education Management LLC," contains 18 document requests, of which only document request No. 1 references the Court's September 17, 2020 order. Exhibit C, styled "Plaintiff's First Set of

Post-judgment Document Requests to Moriah Education Management LP," contains 18 document requests, of which only document request No. 1 references the Court's September 17, 2020 order. Exhibit D, a subpoena to produce documents directed to Black Dolphin, contains 11 document requests, of which only document request No. 1 references the Court's September 17, 2020 order. Exhibit E, a subpoena to produce documents directed to Zilberstein, contains 10 document requests, of which only document request No. 1 references the Court's September 17, 2020 order.

In response to the cross-motion by Moriah Education Management LLC, the plaintiff argues that it "accepts that if this Court grants [Moriah Education Management LLC's] Cross-Motion for Authorization to Pay the Proceeds of the AnswerNet Note to Plaintiff (the 'Cross Motion'), Pegaso's Motion for Turnover (ECF No. 48) is moot." Docket Entry No. 95. However, the plaintiff argues that the cross-motion does not moot: "(i) Pegaso's subpoena to non-party Spiro Harrison ('SH'); or (ii) Pegaso's recently-served discovery requests on Judgment Debtors and Rule 45 subpoenas on Greg Zilberstein and Black Dolphin Capital Management, LLC." The plaintiff objects "to the payment of those funds from any other source, including Judgment Debtors, whose assets are currently restrained under valid Restraining Notices." The plaintiff asserts that

> Pegaso does not oppose the Cross Motion so long as Pegaso does not waive, through its acceptance of the AnswerNet Note proceeds, any ability to continue its search for and obtain Judgment Debtors' assets by, among other things, conducting discovery against Judgment Debtors and non-parties (including without limitation discovery regarding the liquidation of the AnswerNet Note), challenging prior transfers of Judgment Debtors' assets, and asserting any rights, arguments, or positions available to Pegaso as to those assets.

In reply to Spiro Harrison's opposition to the plaintiff's motion to compel compliance with the subpoena, the plaintiff argues that "the liquidation of the AnswerNet Note is relevant irrespective

5

of payment to Pegaso of proceeds of the Note" and "Pegaso's specific subpoena requests to [Spiro Harrison] are relevant to the liquidation of the AnswerNet Note and to Pegaso's judgment collection efforts," Docket Entry No. 96.

In response to the Court's September 17, 2020 order, the parties submitted a joint status letter on November 23, 2020, Docket Entry No. 106, "regarding discovery as to 'the liquidation of the AnswerNet Note and the transfer of funds of Spiro Harrison,'" asserting:

> On September 24, 2020, Pegaso served Post-Judgment Document Requests on MEM LLC and Moriah Education Management LP ("MEM LP"). Also on September 24, 2020, Pegaso served Subpoenas Duces Tecum pursuant to Fed. R. Civ. P. 45 on Black Dolphin Capital Management, LLC ("Black Dolphin") and Greg Zilberstein ("Zilberstein"). These discovery requests included: (a) AnswerNet Discovery; and (b) general post-judgment discovery. On October 26, 2020, MEM LLC timely provided responses and objections to Plaintiff's document requests (with no document production), and counsel advised Plaintiff's counsel that, because MEM LP does not exist, it would not be providing formal responses. MEM LLC objected to Plaintiff's requests relating to the liquidation of the Note on numerous grounds, including that the discovery had been mooted. Black Dolphin and Zilberstein have not submitted written responses to the Subpoenas, and their request (and opposition thereto) for an extension of time to provide the discovery relating to the liquidation of the Note is currently pending before the Court. See ECF Nos. 103, 104, 105. The parties exchanged emails on the discovery issued, including AnswerNet Discovery, between November 10 and 20, and met and conferred by telephone on November 12. The parties have not resolved their dispute on the AnswerNet Discovery. On October 7, 2020, Spiro Harrison and MEM LLC filed a brief regarding Spiro Harrison's opposition to Plaintiff's motion to compel compliance with a subpoena and MEM LLC's cross-motion for authorization to pay the Note Proceeds to Plaintiff. ECF No. 93. Spiro Harrison and MEM LLC argued that the AnswerNet Discovery was rendered moot by MEM LLC's willingness to pay the Note Proceeds. See, e.g., id. at 1-2. On October 14, 2020, Plaintiff responded that MEM LLC's offer to pay the Note Proceeds to Pegaso does not moot the AnswerNet Discovery. Among other things, the response argues that the discovery seeks information regarding potential MEM LLC and/or MEM LP assets beyond the Note Proceeds, e.g., possible fraudulent transfers, concealment of assets and violations of restraining notices. ECF No. 96. MEM LLC disputes that the AnswerNet Discovery remains relevant and argues that Pegaso has identified no bona fide basis for (i) questioning the legitimacy of AnswerNet's payoff of the Note, or (ii) believing the AnswerNet Discovery would lead to other assets that could satisfy Pegaso's judgment. ECF No. 105 at 2.

>The parties continue to dispute the mootness and discoverability issues, as reflected in their correspondence to and briefing before the Court. At this time, the parties await resolution of the matters before the Court.

### MORIAH EDUCATION MANAGEMENT LLC'S CROSS-MOTION FOR AN AUTHORIZATION TO PAY THE PROCEEDS OF THE ANSWERNET NOTE TO PLAINTIFF (DOCKET ENTRY NO. 92)

The plaintiff requested in its turnover motion that the Court issue an order, "if the balance of the AnswerNet Note is paid, directing [the debtors] to turn over to Pegaso all of the funds paid to [the debtors]." In response to the plaintiff's turnover motion, the debtors asserted that the motion should be denied as moot because the debtors are "prepared to turn over the note proceeds to the extent they were not used to pay for counsel's advance retainer fees." The Court's September 17, 2020 order stayed the resolution of the plaintiff's turnover motion because the controversy ensued, after the filing of the turnover motion, related to "$150,000 in purported advance payment retainers" to Spiro Harrison and the liquidation of the AnswerNet note. In its cross-motion for an authorization to pay the proceeds of the AnswerNet note to the plaintiff, Moriah Education Management LLC seeks "the Court's permission" to pay $400,683 to the plaintiff because the September 17, 2020 order "requires that the funds be held in escrow until the turnover motion is resolved." In light of: (1) the plaintiff's turnover motion seeking an order, "if the balance of the AnswerNet Note is paid, directing [the debtors] to turn over to Pegaso all of the funds paid to [the debtors]"; and (2) Moriah Education Management LLC's representation to the Court that it is ready to pay $400,683, the proceeds from the AnswerNet note to the plaintiff, but cannot do so without the Court's authorization, the Court grants Moriah Education Management LLC's motion for an authorization to pay to the plaintiff $400,683, the proceeds of the AnswerNet note, Docket Entry No. 92.

**WHETHER GRANTING MORIAH EDUCATION MANAGEMENT LLC'S CROSS-MOTION FOR AN AUTHORIZATION TO PAY THE PROCEEDS OF THE ANSWERNET NOTE TO PLAINTIFF (DOCKET ENTRY NO. 92) MOOTS THE PLAINTIFF'S TURNOVER MOTION (DOCKET ENTRY NO. 48) AND "CERTAIN ADDITIONAL DISCOVERY PEGASO HAS ISSUED SINCE THE [SEPTEMBER 17, 2020] ORDER WAS ISSUED"**

The memorandum of law in support of Moriah Education Management LLC's cross-motion for an authorization to pay the proceeds of the AnswerNet note and Spiro Harrison's opposition to the plaintiff's motion to compel compliance with a subpoena contains the following arguments: (I) "the motion to compel should be denied as moot because judgment debtors have offered to transfer the full $400,683 to Pegaso"; (II) "the motion to compel should be denied because Pegaso failed to comply with the procedural rules governing discovery motions"; and (III) "if the Court does not dismiss the motion as moot and/or procedurally improper, the motion should be denied on the merits." The memorandum of law does not contain any arguments in support of the assertion that granting Moriah Education Management LLC's cross-motion moots (i) the plaintiff's turnover motion and (ii) "certain additional discovery Pegaso has issued since the [September 17, 2020] Order was issued." Moreover, no citation to any legal authority is made anywhere in the memorandum of law in support of the assertion that granting Moriah Education Management LLC's cross-motion moots the plaintiff's: (a) turnover motion; (b) motion to compel Spiro Harrison's compliance with the subpoena; and (c) "certain additional discovery Pegaso has issued since the [September 17, 2020] Order was issued." Although in its response to the cross-motion, the plaintiff does not challenge Moriah Management LLC's assertion that granting the cross-motion for authorization to pay the proceeds of the AnswerNet note to the plaintiff moots the plaintiff's turnover motion, the plaintiff asserts that it does not moot: (1) "recently-served discovery requests on Judgment

Debtors and Rule 45 subpoenas on Greg Zilberstein and Black Dolphin Capital Management, LLC," including "discovery regarding the liquidation of the AnswerNet note"; and (2) the plaintiff's motion to compel Spiro Harrison's compliance with the subpoena.

### *Spiro Harrison's Opposition to the Plaintiff's Motion to Compel Spiro Harrison's Compliance with the Subpoena*

The plaintiff's motion to compel Spiro Harrison's compliance with the subpoena and Spiro Harrison's opposition to the plaintiff's motion to compel Spiro Harrison's compliance with the subpoena, including the argument that "the motion to compel should be denied as moot because judgment debtors have offered to transfer the full $400,683 to Pegaso" will be addressed by the Court in a separate writing.

### *Mootness Legal Standard*

> Mootness, in the constitutional sense, occurs when the parties have no "legally cognizable interest" or practical "personal stake" in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties. *See Davis v. New York,* 316 F.3d 93, 99 (2d Cir.2002) ("Under Article III, section 2 of the Constitution, federal courts lack jurisdiction to decide questions that cannot affect the rights of litigants in the case before them."). There is no issue of practical importance for the court to adjudicate. Mootness can arise in many ways during the course of litigation.
>
> ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 94 (2d Cir. 2007).

For example, mootness occurs when "*[c]ertain issues* that would otherwise have been in dispute became moot, in the sense that the court no longer needed to resolve them," such that "[t]he question of the defendants' liability to the plaintiff, and all questions subordinate to it, ceased (at least conditionally) to have practical importance." Id. at 95.

***Application of Mootness Legal Standard to the Plaintiff's Turnover Motion (Docket Entry No. 48)***

Since: (1) the plaintiff's turnover motion seeks an order directing the debtors, "if the balance of the AnswerNet Note is paid . . . to turn over to Pegaso all of the funds paid," Docket Entry No. 48; (2) the Court by this order grants Moriah Education Management LLC's motion for an authorization to pay to the plaintiff $400,683, the proceeds of the AnswerNet note, Docket Entry No. 92; and (3) the plaintiff concedes that granting Moriah Education Management LLC's motion for an authorization to pay to the plaintiff $400,683, the proceeds of the AnswerNet note, moots its turnover motion, the Court finds that the plaintiff received the relief it requested in its turnover motion, leaving no issue of practical importance to adjudicate in connection with the relief sought by the plaintiff's turnover motion. Accordingly, the plaintiff's turnover motion, Docket Entry No. 48, is moot.

***Application of Mootness Legal Standard to "Certain Additional Discovery Pegaso Has Issued Since the [September 17, 2020] Order Was Issued"***

Other than asserting, in conclusory fashion, that granting Moriah Education Management LLC's motion for an authorization to pay to the plaintiff $400,683, the proceeds of the AnswerNet note, moots "certain additional discovery Pegaso has issued since the [September 17, 2020] Order was issued," Moriah Education Management LLC failed to: (a) comply with "certain additional discovery Pegaso has issued since the [September 17, 2020] Order was issued"; (b) make any argument in support of its assertion; (b) make citation to any legal authority in support of its assertion; and (c) provide any explanation respecting how or why the plaintiff's "certain additional discovery" requests resulting from and made in accordance with the Court's September 17, 2020 order are moot. It appears from the plaintiff's opposition to the cross-motion that "certain additional discovery Pegaso has issued since the [September 17, 2020]

10

Order was issued" includes the "Rule 45 subpoenas on Greg Zilberstein and Black Dolphin Capital Management, LLC." Moriah Education Management LLC failed to show it has standing to make any motion with respect to discovery requests served by the plaintiff on nonparties. Moriah Education Management LLC does not assert that granting its motion for an authorization to pay to the plaintiff $400,683, the proceeds of the AnswerNet note, moots the Court's September 17, 2020 order or any part of that order. No motion has been made by Moriah Education Management LLC to reconsider, vacate or otherwise challenge the Court's September 17, 2020 order. The Court finds that neither the Court's September 17, 2020 order, directing discovery limited to "the liquidation of the AnswerNet Note and the transfer of funds to Spiro Harrison," nor the plaintiff's discovery requests issued pursuant to the September 17, 2020 order are mooted by the Court's authorization that Moriah Education Management LLC pay the plaintiff $400,683, the proceeds of the AnswerNet note, directed by the Court's September 17, 2020 order to be held in an escrow account until the resolution of the plaintiff's turnover motion.

## CONCLUSION

For the foregoing reasons; (1) Moriah Education Management LLC's cross-motion for authorization to pay $400,683, the proceeds of the AnswerNet note to plaintiff, Docket Entry No. 92, is granted and Moriah Education Management LLC is ordered to pay $400,683 to the plaintiff on or before December 10, 2020; and (2) the plaintiff's motion for turnover order, Docket Entry No. 48, is moot. Any failure to comply timely with the Court order will be subject to sanctions, including contempt of the Court.

Dated: New York, New York                          SO ORDERED:
       December 3, 2020

                                                   _____
                                                   KEVIN NATHANIEL FOX
                                                   UNITED STATES MAGISTRATE JUDGE

11