UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PEGASO DEVELOPMENT INC.,                     :

                    Plaintiff,     :

           v.                     :

MORIAH EDUCATION MANAGEMENT :
LP AND MORIAH SOFTWARE
MANAGEMENT LP,                                        :

               Defendants.   :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM AND ORDER**

19-CV-7787 (AT) (KNF)

## PROCEDURAL BACKGROUND

Plaintiff Pegaso Development Inc. ("Pegaso") commenced this action against defendants

Moriah Education Management LP and Moriah Software Management LP asserting: (1) Count I,

Moriah Education Management LP's breach of the 2016 promissory note; and (2) Count II,

Moriah Software Management LP's breach of the 2017 promissory note.  Moriah Education

Management LLC, "incorrectly identified as Moriah Education Management LP," and Moriah

Software Management LP answered the complaint.  Count II was dismissed with prejudice; <u>see</u>

Docket Entry No. 45.  A judgment was entered in favor of the plaintiff and against Moriah

Education Management LP and Moriah Education Management, LLC "(collectively,

'Debtors')," "as to Count I of the complaint," finding the debtors liable to the plaintiff, "jointly

and severally, in the amount of $2,758,567.13 plus any interest that has accrued and will accrue

each day following March 17, 2020."  Docket Entry No. 46.

The plaintiff made a motion for a turnover order, "pursuant to Fed. R. Civ. P. 69 and its

application of New York Civil Practice Law and Rules ('CPLR') §§ 5201, 5222, 5225(a) and

(c)," seeking from the debtors the AnswerNet promissory note or the proceeds from the AnswerNet note, Docket Entry No. 48.  The debtors opposed the turnover motion, asserting the motion is moot because the debtors are ready to turn over the balance of the proceeds from the AnswerNet note in the amount of $250,000, as the remainder of $150,000 was used by the debtors "to pay for counsel's advance retainer fees."  In reply, the plaintiff did not contest the turnover of $250,000, but contested $150,000 that the debtors transferred to their attorney, asserting that the debtors' actions raise serious concerns about: (1) "the circumstances underlying the liquidation of the AnswerNet Note"; and (2) "the transfer of the AnswerNet funds to Spiro Harrison," the debtors' counsel.  In light of the change in circumstances after the plaintiff filed its turnover motion, the plaintiff requested that the Court: (a) "enter and continue the remainder of Pegaso's Motion with respect to the $150,000 in purported advance payment retainers for a period of 60 days in order for Pegaso to conduct necessary discovery regarding the liquidation of the AnswerNet Note and the transfer of funds to Spiro Harrison"; and (b) "order that the $150,000 at issue be held in escrow pending final resolution of the instant turnover motion."

On September 16, 2020, the plaintiff made a "motion to compel non-party Spiro Harrison's compliance with subpoena," Docket Entry No. 79.  On September 17, 2020, the Court ordered that: (1) the $400,000, received in connection with AnswerNet's December 15, 2017 Senior Secured Convertible Promissory Note, shall be held in an escrow account until the resolution of the turnover motion; (2) the parties shall have 60 days from the date of the order to conduct discovery limited to "the liquidation of the AnswerNet Note and the transfer of funds to Spiro Harrison"; (3) the parties shall file a joint status letter no later than seven days after the expiration of the limited discovery permitted by the order; and (4) the resolution of the plaintiff's motion for a turnover order, Docket Entry No. 48, is held in abeyance until further notice,

Docket Entry No. 83.  On October 7, 2020, Spiro Harrison filed an opposition to the plaintiff's motion to compel compliance with the subpoena.

On December 3, 2020, the Court: (1) granted Moriah Education Management LLC's cross-motion for authorization to pay $400,683, the entirety of the proceeds of the AnswerNet note to the plaintiff; and (2) found that the plaintiff's motion for turnover was moot.  Docket Entry No. 107.  Before the Court is the plaintiff's motion to compel Spiro Harrison to comply with the subpoena, opposed by Spiro Harrison.

## PLAINTIFF'S CONTENTIONS

The plaintiff's Spiro Harrison subpoena seeks "documents that Spiro Harrison put at issue when Mr. [David B.] Harrison submitted a declaration in opposition to Pegaso's June 8, 2020 motion for turnover."  According to the plaintiff, in opposition to the motion for turnover, Spiro Harrison "injects itself into the dispute and puts its arrangement with [the debtors], Black Dolphin, and Zilberstein at issue."  As part of Spiro Harrison's engagement on this matter, David B. Harrison partially quoted his firm's "letter of engagement" but "did not submit a copy of the letter or identify the letter's signatories, thereby denying Pegaso (and the Court) the ability to evaluate the context of the quote or the presence of other relevant material."  In its reply to the opposition to the turnover motion, the plaintiff "questioned the propriety of the $150,000 payment to the law firm, specifically questioned why the engagement letter had not been attached to Mr. Harrison's declaration, and asked that the Court enter and continue the motion so it could conduct discovery regarding, inter alia, the transfer of AnswerNet Note proceeds to Spiro Harrison."

The plaintiff's Spiro Harrison subpoena requested the following categories of documents: (1) "any engagement letters with [the debtors], Black Dolphin, and Zilberstein (Req. No. 1)";

(2) "records of funds transfers to and from Spiro Harrison related to [the debtors], Black Dolphin, and Zilberstein (Reqs. Nos. 2-3)"; (3) "bank documents sufficient to show the current status of accounts holding funds related to [the debtors], Black Dolphin, and Zilberstein (Req. No. 4)"; and (4) "all communications with AnswerNet and/or its CEO, Gary Pudles (Req. No. 5). (Ex. 1.)."  The plaintiff contends that Spiro Harrison asserted boilerplate objections based on relevance, privilege, overbreadth and undue burden, refusing to produce any documents.  The plaintiff argues that general boilerplate objections are improper.  Concerning Request No. 1, the plaintiff asserts that engagement letters are relevant, given that David B. Harrison "put the engagement letter at issue by quoting it in opposing Pegaso's turnover motion," and generally not privileged.  With respect to Request Nos. 2 and 3, the plaintiff asserts that David B. Harrison put the documents requested at issue when he stated in his declaration that "certain funds transfers occurred from AnswerNet to or from [the debtors]," and "documentary proof regarding the fund transfers directly relates to [the debtors'] assets and would be pertinent to proving or disproving the propriety of the transfers to Spiro Harrison for advance payment retainers." According to the plaintiff, "[a] snapshot of bank records showing the current status of the disputed funds that Spiro Harrison put at issue is not confidential or proprietary," and Request No. 4 "seeks documents confirming which [debtors'] assets Spiro Harrison holds, including those assets held on behalf of Black Dolphin and Zilberstein."  Request No. 5, seeking "all communications with AnswerNet and/or Gary Puddles" is relevant because the plaintiff "questioned the propriety of the transfer of the AnswerNet Note proceeds to Spiro Harrison" that were owed to the debtors.

## SPIRO HARRISON'S CONTENTIONS

Spiro Harrison asserts that, granting Moriah Education Management LLC's cross-motion for authorization to pay $400,683, the entirety of the proceeds of the AnswerNet note to the plaintiff, will moot: (i) the subpoena to Spiro Harrison, since it is based on the debtors' "opposition to the turnover motion, and seeks documents related to the transfer of the $400,683"; and (ii) the plaintiff's motion to compel Spiro Harrison's compliance with the subpoena. Spiro Harrison contends that the motion to compel should be denied because the plaintiff failed to comply with Local Civil Rule 37.2 of this court, and it is meritless. According to Spiro Harrison, Request No.1 seeks privileged information, and all requests seek information irrelevant to the offer to turn over the $400,683 to the plaintiff.

## PLAINTIFF'S REPLY

The plaintiff argues that the payment of the AnswerNet note proceeds does not moot its motion to compel because the liquidation of the AnswerNet note is "potentially pertinent to Pegaso's justifiable inquiry into avenues for collection," and: (i) the circumstances surrounding the liquidation "relate to the handling of the Judgment Debtors' assets for which broad discovery is permitted under CPLR 5223"; (ii) "the liquidation of the Note could have denied Pegaso access to value via the conversion right (thereby depriving Pegaso of the ability to convert the Note (which is governed by New York law) into a possibly more-valuable 50 percent ownership interest in AnswerNet), which could constitute a fraudulent transfer"; (iii) "to the extent that Zilberstein by and through the Judgment Debtors and/or [Spiro Harrison] engaged in activity designed to conceal a transfer, conceal assets, or deny Pegaso access to those assets, this would be relevant as a badge of fraud in a fraudulent transfer claim"; (iv) "to the extent that Zilberstein by and through the Judgment Debtors and/or [Spiro Harrison] engaged in activity designed to

avoid service of the restraining notices on Judgment Debtors until after the AnswerNet proceeds had been diverted, this too could be a badge of fraud regarding a potential fraudulent transfer"; and (v) "Pegaso intends to pursue assets cognizable under its judgment against [Moriah Education Management] LP by seeking to obtain liability findings against Zilberstein and Black Dolphin resulting from their use of that corporate form, so documents regarding the handling and treatment of [Moriah Education Management] LP are directly relevant."  The plaintiff asserts that it has complied with all applicable procedural rules in making the motion, and Spiro Harrison's arguments concerning the merits of the motion "are cursory, undeveloped, and lack legal support."

## LEGAL STANDARD

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

> Mootness, in the constitutional sense, occurs when the parties have no "legally cognizable interest" or practical "personal stake" in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties. *See Davis v. New York,* 316 F.3d 93, 99 (2d Cir.2002) ("Under Article III, section 2 of the Constitution, federal courts lack jurisdiction to decide questions that cannot affect the rights of litigants in the case before them."). There is no issue of practical importance for the court to adjudicate. Mootness can arise in many ways during the course of litigation.
>
> ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 94 (2d Cir. 2007).

For example, mootness occurs when "*[c]ertain issues* that would otherwise have been in dispute became moot, in the sense that the court no longer needed to resolve them," such that "[t]he

question of the defendants' liability to the plaintiff, and all questions subordinate to it, ceased (at least conditionally) to have practical importance." Id. at 95.

## APPLICATION OF LEGAL STANDARD

The plaintiff failed to support its motion to compel with any evidence because it did not submit any affidavits or exhibits in support of the motion, including the subpoena the compliance with which it seeks to compel or the objections to the subpoena. Notwithstanding the deficiencies in the plaintiff's motion, mindful of Rule 1 of the Federal Rules of Civil Procedure and "a strong 'preference for resolving disputes on the merits,'" New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (citation omitted), the Court will address the merits of the plaintiff's motion to compel.

The plaintiff asserts that the reason for issuing the subpoena on Spiro Harrison was that, in opposition to the motion for turnover, Spiro Harrison "inject[ed] itself into the dispute and put[] its arrangement with [the debtors], Black Dolphin, and Zilberstein at issue" and, in reply, the plaintiff "questioned the propriety of the $150,000 payment to the law firm, specifically questioned why the engagement letter had not been attached to Mr. Harrison's declaration, and asked that the Court enter and continue the motion so it could conduct discovery regarding, inter alia, the transfer of AnswerNet Note proceeds to Spiro Harrison." On December __, 2020, the Court granted the cross-motion by Moriah Education Management LLC, authorizing the payment of $400,683, the entirety of the proceeds from the AnswerNet note to the plaintiff and finding that the plaintiff's motion for turnover was moot. Given that the issue concerning the disputed $150,000 from the AnswerNet note proceeds transferred to Spiro Harrison, created by David B. Harrison's declaration in opposition to the turnover motion, was resolved by the Court's authorization that Moriah Education Management LLC pay $400,683, the entirety of the

proceeds from the AnswerNet note, including the disputed $150,000 transferred to Spiro Harrison, the disputed issue, serving as the basis for issuing the subpoena, was mooted.

In its reply, the plaintiff asserts that, despite the payment of the entire proceeds of the AnswerNet note, including the disputed $150,000 transferred to Spiro Harrison, the subpoena continues to be relevant to the potentially fraudulent transfer and liquidation of the AnswerNet note. Although the plaintiff asserts that it wishes to explore the potential fraudulent liquidation of the AnswerNet note, the subpoena to Spiro Harrison was limited to the amount and transfer at issue on the plaintiff's turnover motion, namely, $150,000 from the AnswerNet proceeds transferred to Spiro Harrison and asserted by David B. Harrison in his declaration to be an advance retainer fee consisting of $50,000, paid by each of the debtors, "Black Dolphin, and Zilberstein," for "Spiro Harrison's engagement on this matter." The plaintiff concedes that the reason for issuing the subpoena on Spiro Harrison was the issue created by David B. Harrison's declaration in connection with the disputed $150,000 transfer to Spiro Harrison and asserts repeatedly that the documents requested are relevant to the $150,000 transfer at issue.

The plaintiff's Request Nos. 1 and 5, limited to the transfer of $150,000 to Spiro Harrison, are mooted by the Court's order authorizing the payment of $150,000 to the plaintiff and mooting the turnover motion. To the extent that the plaintiff's Request Nos. 2 and 3 seek "records of funds transfers to and from Spiro Harrison related to [the debtors], Black Dolphin, and Zilberstein," the plaintiff failed to: (a) identify the basis for believing that, apart from the $150,000 at issue, any other fund transfers that were made to and from Spiro Harrison related to the debtors; and (b) explain the relevancy to this action of any funds transferred to or from Spiro Harrison by the nonparties. Similarly, to the extent that the plaintiff's Request No. 4 seeks "documents confirming which [debtors'] assets Spiro Harrison holds, including those assets held

8

on behalf of Black Dolphin and Zilberstein," the plaintiff failed to: (i) identify the basis for believing that Spiro Harrison holds any of the debtors' "assets"; and (ii) explain the relevancy to this action of any assets Spiro Harrison may hold that belong to nonparties.

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiff's motion to compel compliance with the subpoena, Docket Entry No. 79, is moot.  To the extent the plaintiff's motion seeks to compel any documents beyond those relevant to the issue created by the transfer of $150,000 from the AnswerNet note proceeds to Spiro Harrison and mooted by the Court's December 3, 2020 order, the plaintiff's motion to compel, Docket Entry No, 79, is denied.

Dated: New York, New York
      December 3, 2020

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE