

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/2021

David B. Harrison
830 Morris Turnpike, 2nd Floor
Short Hills, NJ 07087
dharrison@spiroharrison.com
Direct Dial: (973) 232-4109

December 29, 2020

**VIA ECF & Email**

Hon. Analisa Torres, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Pegaso Development, Inc. v. Moriah Education Management LP, et al.*, Civil Action No. 19-cv-7787 (AT) (KNF)

Dear Judge Torres:

This firm files this letter motion pursuant to Local Civil Rules 7.1(a), 7.1(d), and 5.2(b), Your Honor's Individual Practices Rule I(B), and SDNY ECF Instruction 13.1 for a stay of the requirement in the December 15, 2020 Order entered by Magistrate Judge Fox (ECF No. 110) that Spiro Harrison file by January 5, 2021 twelve categories of documents for the purpose of aiding Judge Fox in determining its September 3, 2020 Order to Show Cause (ECF No. 73). The Order to Show Cause directs Spiro Harrison to provide evidence showing why it did not violate Federal Rule of Civil Procedure 11(b) by stating in filings that (i) it represents defendant Moriah Education Management LP ("MEM LP"), and (ii) MEM LP was never formally organized and does not exist. Among other things, the December 15 Order requires Spiro Harrison to publicly file documents that are plainly protected by the attorney-client privilege and/or attorney work product doctrine, and those protections—which belong not to Spiro Harrison but to its clients—would be destroyed by the public disclosure required by the Order. Spiro Harrison is also filing its objections to the Order concomitantly with this letter motion. In those objections, Spiro Harrison requests that the Court reject the Order as improperly filed, and find that Spiro Harrison has met its burden showing that it has not violated Rule 11.

A stay of the December 15 Order is appropriate in these instances. As set forth in Spiro Harrison's objections being filed today, Spiro Harrison has made a strong showing that it is likely to succeed on the merits, *i.e.*, that it should not be required to publicly file documents the overwhelming majority of which are privileged and/or work product, particularly because it has already submitted ample admissible proof that it has not violated Rule 11(b). Further, in the

Hon. Analisa Torres, U.S.D.J.
December 29, 2020
Page 2 of 2

absence of a stay, Spiro Harrison and its clients will be irreparably harmed because they will be forced against their will to disclose is privileged communications and attorney work product. In addition, there will be no prejudice to any other parties in these proceedings, as Pegaso has no lawful interest in learning the contents of protected communications between Spiro Harrison and its clients, particularly in these post-judgment proceedings when Pegaso's only interest is the enforcement and collection of its judgment. Finally, the public interest will be supported by protecting privileged and work product materials from being forcibly disclosed under the Order.

For these reasons, Spiro Harrison respectfully requests that the Court stay Spiro Harrison's compliance with the December 15 Order's requirement to file responsive materials by January 5, 2021, until the Court has resolved Spiro Harrison's objections. In the alternative, Spiro Harrison requests that any documents it must file be submitted to the Court *in camera* so that no documents will be disclosed to the public or to Pegaso.

Respectfully submitted,

*David B. Harrison*

David B. Harrison

cc:   Gabriel Aizenberg (via ECF)
      Scott Mendeloff (via ECF)
      David Repking (via ECF)


GRANTED. Spiro Harrison's compliance with the December 15 Order is stayed pending resolution of Spiro Harrison's objections filed at ECF No. 111.

SO ORDERED.

Dated: January 5, 2021
       New York, New York