UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEGASO DEVELOPMENT INC.,

                        Plaintiff,

-against-

MORIAH EDUCATION MANAGEMENT LP
AND MORIAH SOFTWARE MANAGEMENT
LP,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/2/2022
```

19 Civ. 7787 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Pegaso Development, Inc., brings this action against Defendants Moriah Education Management LP and Moriah Software Management LP for breach of contract on two promissory notes. *See generally* Compl., ECF No. 6. Defendants' counsel, David Harrison, and his law firm, Spiro Harrison ("SH"), object to the Honorable Kevin Nathaniel Fox's December 15, 2020 order (the "Production Order") directing SH to produce documents related to their representation of Defendants. Production Order, ECF No. 110. For the reasons stated below, SH's objections are OVERRULED.

## BACKGROUND

      Plaintiff commenced this matter on August 20, 2019. ECF No. 1. This Court referred the matter to Judge Fox to address various motions filed by the parties, and for settlement. *See, e.g.*, ECF No. 59. On April 13, 2020, the parties stipulated to a judgment on Count I, and dismissal of Count II of the complaint, ECF Nos. 45, 46, and a judgment was entered in favor of Plaintiff as to Count I of the complaint, finding Defendants liable to Plaintiff "jointly and severally, in the amount of $2,758,567.13," plus interest, ECF No. 46. Following entry of the judgment, non-parties Greg Zilberstein and Black Dolphin Capital Management, LLC, moved to vacate restraining notices served on them by Plaintiff. Motion to Vacate, ECF No. 60. Defendants also

This is so, because such proceedings take place "after the rights of the parties have already been adjudicated." *AXGINC Corp. v. Plaza Automall, Ltd.*, No. 14 Civ. 4648, 2018 WL 4771886, at *3 (E.D.N.Y. Oct. 2, 2018) (citation omitted).

The Court concludes that the Production Order is non-dispositive, both because it arises in the context of post-judgment proceedings, and because it does not resolve any claims—it merely requires SH to produce additional documents as to their representation of Defendants and prior statements made to the Court in this litigation. *See generally* Production Order. SH cites no cases compelling a contrary result. The cases they cite support only that *de novo* review of a magistrate judge's order regarding post-judgment enforcement proceedings is required where the order affects or alters the rights of the parties, such as on a motion to vacate a judgment—which is not the case here. *See, e.g.*, *McLeod, Alexander, Powel & Apffel, P.C., v. Quarles*, 925 F.2d 853, 856–57 (5th Cir. 1991). Accordingly, SH's request for *de novo* review of the Production Order is DENIED.

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation and quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Travel Sentry, Inc. v. Tropp*, 669 F.

3

Supp. 2d 279, 283 (E.D.N.Y. 2009) (citation and quotation marks omitted).  The Court shall, therefore, review the Production Order for clear error only.

II.     Spiro Harrison's Objections

A. Magistrate Judge's Authority

Both of SH's challenges to Judge Fox's authority to issue the Show Cause and Production Orders fail.  First, SH argues that this Court did not specifically refer the motions to quash and vacate to Judge Fox, to which the Show Cause and Production Orders relate.  SH Objs. at 16–19.  But, SH has "waived [their] objection to any defect in the referral by participating in the litigation before Magistrate Judge [Fox]."  *Vlad-Berindan v. N.Y.C. Met. Transp. Auth.*, No. 14 Civ. 10304, 2017 WL 4180022, at *4 n.2 (S.D.N.Y. Sept. 21, 2017).  Defendants—and SH, as their counsel—did not challenge Judge Fox's resolution of the motion to vacate *see* ECF No. 71; and SH made at least four filings in response to the Show Cause Order, from which the Production Order stems, *see, e.g.*, ECF Nos. 75, 81, 100, 102.  And, SH allowed over three months to elapse following the issuance of the Show Cause Order before making any objections to Judge Fox's authority to issue it.  *See* Fed. R. Civ. P. 72 (requiring parties to timely object to magistrate judge's orders within fourteen days).  Accordingly, "to the extent that the referral to Magistrate Judge [Fox] was defective, such a defect 'is merely procedural'" and SH's failure to raise it in a timely manner has waived any objections to it.  *Vlad-Berindan*, 2017 WL 4180022, at *4 n.2 (citing *McLeod, Alexander, Powel & Apffel, P.C*, 925 F.2d at 857).

Second, SH argues that Judge Fox overstepped his authority, because magistrate judges may not independently issue Rule 11 sanctions.  SH Objs. at 19.  But, such an argument is premature.  An order to show cause is a necessary prerequisite to the issuance of *sua sponte* Rule 11 sanctions. *See Adams v. N.Y. State Educ. Dep't*, No. 08 Civ. 5996, 2010 WL 4970011, at *11 (S.D.N.Y. Dec. 8, 2010).  Even though the Second Circuit has not conclusively determined whether a magistrate judge

4

may, on her own, impose Rule 11 sanctions, *see, e.g.*, *Kiobel v. Millson*, 592 F.3d 78, 79–80 (2d Cir. 2010), it is well within the authority of a magistrate judge to issue an order to show cause why such sanctions should not issue, and either determine that sanctions are not warranted, resolving the matter—or to issue a report and recommendation in favor of sanctions. *E.g.*, *Brunig v. Clark*, 560 F.3d 292, 297–98 (5th Cir. 2009). Judge Fox did not issue an order imposing Rule 11 sanctions—he merely required SH to provide additional information in response to the Show Cause Order before making a recommendation on whether sanctions were warranted, which was well within his authority. Accordingly, SH's objections are OVERRULED.

      B.  Production of Additional Material

SH asks the Court to overturn the Production Order on the ground that its filings to date conclusively establish that Harrison has not violated Rule 11(b), and it was, therefore, improper for Judge Fox to enter an order requiring submission of additional documents. SH Objs. at 10–13. In the Show Cause Order, Judge Fox described a number of inconsistencies in the record, concluding that "Harrison represents an entity he asserts does not exist." Show Cause Order at 2. He then directed Harrison to "show cause by affidavit supported by admissible evidence" why his representations "do not violate Rule 11(b) of the Federal Rules of Civil Procedure." Show Cause Order at 2–3. Although Harrison submitted the affidavit, as directed, Judge Fox concluded that several of his assertions lacked evidentiary support, and issued the Production Order, requiring Harrison to provide such support for his claims. *See generally* Production Order. The Court identifies no clear error in Judge Fox's determination that further support was required for Harrison's assertions, and does not find that an order compelling SH to provide admissible evidence in support of their contentions is clearly

erroneous or contrary to law. And, SH cites no caselaw compelling a contrary result. This objection is, accordingly, OVERRULED.

### C. Privileged Communications

SH argues that the Protective Order is "erroneous" and an "abuse of authority" because it would require SH to publicly file attorney-client privileged communications, or attorney work product. SH Objs. at 13–16. There is no indication that the relevant documents are categorically exempt from disclosure under either privilege. For instance, SH identifies "engagement agreements" between itself and Defendants as an example of documents requested by Judge Fox that are "protected by the attorney client privilege." *Id.* at 13. But, SH quoted from a relevant engagement letter in court filings, *see* ECF No. 54 ¶ 6, which put its contents at issue, *see Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 460 (S.D.N.Y. 2019) ("A party cannot . . . affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny." (quoting *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000))). And, moreover, engagement letters are generally not considered privileged "because they do not qualify as 'confidential communications' made for the purpose of securing legal advice." *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y. 2009) (citation omitted). SH cannot, therefore, prevail on an argument that the Production Order was either erroneous or an abuse of authority.

Even so, the Court is hesitant to compel the public filing of documents over which SH asserts privilege claims, particularly when the Court has not reviewed the documents in question. In such circumstances, "*[i]n camera* review is a practice both long-standing and routine in cases involving claims of privilege." *Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09 Civ. 3312, 2013 WL 1680684, at *4 (E.D.N.Y. Apr. 17, 2013) (quoting *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 386 (2d Cir. 2003)). And, a magistrate judge can easily conduct an *in camera*

review of the relevant materials to determine whether any materials are exempt from disclosure under either the attorney-client privilege, or as attorney work product.

As SH concedes that the documents requested under categories 5, 7, and 9 are "arguably not protected by a privilege," those documents shall be filed publicly. SH Objs. at 14. To the extent SH asserts privilege claims over any documents responsive to the remaining categories, they shall provide these documents to the Honorable Jennifer Willis,[1] along with a detailed explanation of the basis for their privilege claim, for an *in camera* review to determine whether the documents in question should be deemed privileged, and thus exempt from disclosure.

## CONCLUSION

For the reasons stated, SH's objections to the Production Order are OVERRULED except to the extent that the Production Order requires public filing of any possibly privileged documents without an initial *in camera* review by the presiding magistrate judge. The Production Order is otherwise AFFIRMED. By May 20, 2022, SH shall produce any documents over which it asserts claims of privilege to Judge Willis for an *in camera* review, and otherwise comply with the Production Order in its entirety. The stay imposed on SH's obligations to comply with the Production Order is LIFTED. *See* ECF No. 113.

SO ORDERED.

Dated: May 2, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] On February 1, 2022, this matter was re-assigned to the Honorable Jennifer E. Willis. 2/1/2022 Dkt. Entry.