**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
PEGASO DEVELOPMENT INC.,

                            Plaintiff,                **ORDER**

           -against-

                                                   **19-CV-7787 (AT) (JW)**

MORIAH EDUCATION MANAGEMENT LP
AND MORIAH SOFTWARE MANAGEMENT
LP,

                            Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

       On September 3, 2020, Magistrate Judge Fox ordered Mr. David Harrison, counsel for Defendants, to "show cause by affidavit supported by admissible evidence why [certain] representations he made to the Court do not violate Rule 11(b) of the Federal Rules of Civil Procedure." Dkt. No. 73 at 2-3. The representations which concerned Judge Fox involved the precise name of one of the Defendant entities. Id. at 1-2. While the action had originally been filed against Moriah Education Management LP ("MEM LP"), on whose behalf Mr. Harrison originally appeared, counsel later clarified that the Complaint had named the wrong party, and should have named Moriah Education Management LLC ("MEM LLC"). Id.

       On September 9, 2020, Mr. Harrison filed the so-ordered affidavit. Dkt. No. 81 ("Aff."). In the Affidavit, Mr. Harrison explained that he was retained to represent certain parties "in connection with responses to discovery and other proceedings related to a judgment obtained by Pegaso Development, LLC ("Pegaso") against MEM LP and MEM LLC, jointly, through the parties' settlement of this action." Aff. ¶ 3.

Mr. Harrison went on to explain that "[a]t the time of our retention, it was not yet clear how each of the parties related to each other." Id. Mr. Harrison then outlined the steps his firm took to clarify the nature of the entity they were representing. Aff. ¶¶ 4-6. Mr. Harrison then identified the source of the confusion, Aff. ¶¶ 8-9, and explained that his firm continued to respond on behalf of MEM LP "out of an abundance of caution." Aff. ¶ 14.

On December 15, 2020, Judge Fox ordered Mr. Harrison to produce twelve categories of documents to provide evidentiary support for statements made in Harrison's affidavit. Dkt. No. 110. On May 19, 2022, Mr. Harrison produced the exhibits responsive to the Production Order. See Dkt. No. 119.

The exhibits submitted bear out the statements made in Mr. Harrison's affidavit. In particular, a series of emails between Mr. Harrison and Defendants' former counsel indicate genuine confusion about the nature of the legal entity, as well as a concerted effort on the part of Mr. Harrison and his firm to resolve the issue. The Court sees no reason to doubt Mr. Harrison's assertions that he acted in good faith, and that all parties were working towards the efficient resolution of the matter while at the same time ensuring that the correct parties were named in the papers. As such, the Court **will not** impose sanctions on Mr. Harrison or his firm.

SO ORDERED.

DATED:   New York, New York
         July 21, 2022

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge